**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ANYELO JAVIER GONZALEZ RODRIGUEZ,** | § | |
| **Petitioner,** | § | |
| | § | **EP-26-CV-02075-DB** |
| v. | § | |
| | § | |
| **TODD BLANCHE,** *U.S. Attorney General, et al.,* | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the above-captioned case. On August 7, 2026, Petitioner Anyelo Javier Gonzalez Rodriguez ("Petitioner") filed a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Indefinite Immigration Detention" ("Petition"). ECF No. 3. Petitioner is currently detained at the El Paso Processing Center in the Western District of Texas. *Id.* at 2. He argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 9–11. Respondents filed a response to the Petition on August 12, 2026. ECF No. 5. On August 14, 2026, the Court issued an Order reserving ruling on the merits of Petitioner's writ and directing Respondents to file a status advisory regarding removal efforts. *See* ECF No. 6. On November 10, 2026, Respondents filed the required status advisory, which stated Petitioner was still in custody. *See* ECF No. 11.

Petitioner is a Cuban national who entered the United States on October 12, 2016. ECF No. 5 at 2. After being initially paroled into the country but failing to adjust status, Petitioner was served with a Notice to Appear and released on his own recognizance on May 7, 2020. *Id.* Petitioner failed to appear at his scheduled immigration hearing and was ordered removed *in abstenia* by an immigration judge on June 22, 2022. ECF No. 5 at 2. On May 5, 2026, Petitioner was taken into immigration custody, where he has remained since. *Id.*; *see* ECF No. 11.

Petitioner asserts, among other things, that his detention violates his substantive due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because, cumulatively, he has spent more than six months in immigration detention, and there is good reason to believe that because "Cuba is a [c]ountry that historically refuses repatriation of emigres [sic] from the United States . . . [P]etitioner[']s removal is not likely to happen in the foreseeable future . . . ." *See* ECF No. 3 at 5–7.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found substantive due process violations because removal is not likely. *See Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216 (W.D. Tex. Apr. 6, 2026) (ordering immediate release for Cuban national who refused consent to be removed to Mexico). As a threshold matter, the Court finds Petitioner meets his initial burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas*, 533 U.S. at 699). Respondents state that Cuba has denied Petitioner's repatriation to Cuba. ECF No. 5 at 2. Petitioner has also refused consent to be removed to Mexico. *Id.* In their latest status update, submitted on November 10, 2026, Respondents add that Petitioner has not consented to be removed to Mexico yet again and that although "ICE has requested from HQ RIO in identifying an alternative third country to which Petitioner may be removed [to] . . . the removal date is unknown at this time." ECF No. 11 at 1–2. Based on these facts, the Court finds there is no significant likelihood of removal in the reasonably foreseeable future.

Although Respondents indicate that "ICE continues to explore other options for Third-Country removals" to effectuate Petitioner's removal, *see* ECF No. 11 at 1, this Court cannot deem removal reasonably foreseeable so long as good faith efforts continue. Such a standard

"would seem to require an alien seeking release to show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable—which demands more than our reading of the statute can bear." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds Respondents have failed to rebut Petitioner's assertion that there is no *significant* likelihood of his removal in the reasonably foreseeable future, making continued detention unlawful.

## **CONCLUSION**

For the reasons stated above, Petitioner has established he is entitled to habeas relief based on *Zadvydas v. Davis* and the Fifth Amendment's Due Process Clause. Accordingly, the Court issues the following orders:

**IT IS HEREBY ORDERED** Petitioner's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Indefinite Immigration Detention," ECF No. 3, is **GRANTED IN PART** on substantive due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **no later than November 17, 2026**, subject to the same conditions of supervision imposed prior to his most recent re-detention on May 5, 2026.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than November 20, 2026.**

**IT IS FURTHER ORDERED** that when Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than November 24, 2026**.

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to Petitioner at the address on file.

SIGNED this 13th day of November, 2026.

**For THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**